

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 11, 1973

*Withdrawn by H-61 B*

The Honorable Bevington Reed
Commissioner, Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. H- 61

Re: Tuition to be charged by
Junior College Districts
to persons living in and
out of the college district.

Dear Commissioner Reed:

You have requested the opinion of this office on the following questions:

"1. Can the Board of Regents of a junior college
district legally set two different 'out-of-district'
tuition charges: one charge to those of its students
who reside in another junior college district and
another charge to students who do not live in a
junior college district (but who are Texas residents)?

"2. Can the Board of Regents of a junior college
district set a tuition charge for extension classes
taught outside the district at a rate different from
that charged students in classes taught inside its
district?"

Junior College Districts are governed by Chapter 130 of the Texas
Education Code, and other provisions. Section 130. 004 (all references
are to the Texas Education Code unless otherwise stated) classifies junior
colleges as public junior college and junior college divisions of a regional
college. Your questions pertain to the junior college district, and not the
regional college district. Accordingly we restrict our answers to the powers
of the governing board of a junior college district.

Chapter 54 governs Tuition and Fees. Section 54. 002 provides:

"The provisions of this chapter apply to all
institutions of higher education, except that as to
junior colleges this chapter applies only to the
extent provided by Section 130. 003(b) of this code."

p. 260

Section 130.003(b) provides in part:

"To be eligible for and to receive a proportionate share of the [state appropriation for public junior colleges], a public junior college must:

. . .

        (4) collect, from each full-time and part-time student enrolled, matriculation and other session fees <u>in the amounts required and provided by law</u> for other state-supported institutions of higher education, except that the amount charged non-residents need not be greater than the amount so required by law on Janaury 1, 1971; . . . "
        (Emphasis added)

Prior to 1969, Article 2815j-2, V.T.C.S., provided in part:

"It shall be mandatory that each institution [public junior college] participating in the funds herein provided shall collect from each full-time student enrolled, matriculation and other session fees <u>not less than the amounts provided for by law</u> and by other State-supported institutions of higher learning for full-time students and shall collect proportionate amounts for students taking less than a full time load." (Emphasis added)

In 1969 the Legislature adopted Titles 1, 2 and 3 of the Texas Education Code. Title 3 at that time consisted solely of Chapter 51, Public Junior Colleges. Acts 1969, 61st Leg., p. 2755, Ch. 889, instituted the initial change in language seen in the emphasized portions of the above quoted provisions. Section 2 of the 1969 enactment specifically repealed Article 2815j-2, V.T.C.S. It is our opinion that the change in language evidences a change in intent by the Legislature, and that a public junior college may qualify for participation in the distribution of State moneys appropriated pursuant to § 130.003 only by charging such matriculation and other session fees as are required and provided by law for other state-supported institutions of higher education, i.e., as are provided by Chapter 54. Such a reading of § 130.003(b) is in harmony with the language of § 54.002, quoted above.

A public junior college which charges a greater tuition of a Texas resident than that authorized by § 54.051 is disqualified just as is one which charges a lesser tuition. Since § 54.051 does not differentiate tuition rates on where a Texas resident is residing within the State, it is our opinion that any public junior college doing so thereby disqualifies itself from participation in distribution of § 130.003 funds. This is true regardless of whether the tuition and fees are for courses at the central campus or for courses taught at an extension facility established under § 130.086.

There remains the question of whether the governing board of a junior college district which is willing to forfeit its share of § 130.003 funds may establish such tuition charges. As provided in § 54.002, the statutory tuition rates of § 54.051 do not apply to junior colleges except to the extent that conformity thereto is prerequisite to eligibility for § 130.003 State funds. These two provisions taken together imply that the governing board of a junior college district otherwise is empowered to establish tuition fees at such levels as it sees fit. Section 130.002 supports this conclusion. It provides as follows:

> "All authority not vested by this chapter or by other laws of the state in the coordinating board or in the Central Education Agency is reserved and retained locally in each of the respective public junior college districts or in the governing boards of such junior colleges as provided in the laws applicable."

See also § 61.060. An examination of the statutes governing the Coordinating Board (Chapter 61) reveals no power to fix public junior college tuition rates, although the Board is required to recommend to the Governor and the Legislative Budget Board tuition policies for public junior colleges (§ 61.059d). We can find no provisions establishing tuition schedules for public junior colleges in the case where § 51.051 does not apply, nor any provision specifically authorizing some body other than the governing board to fix such fees.

It is therefore, our opinion that the governing board of a public junior college may establish such tuition schedules as set forth in your two questions, but that by doing so it would disqualify such district from participation in the distribution of § 130.003 funds. See Attorney General Opinion M-940 (1971).

The Honorable Bevington Reed, page 4 (H-61)

## SUMMARY

Nothing contained in the Texas Education Code would limit the right of the public junior colleges to charge more tuition to non-residents of their district than to residents, except that by charging different fees, the colleges would disqualify themselves from receiving State funds under § 130. 003(b), Texas Education Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee